UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT ALLEN, INDIVIDUALLY, AS THE EXECUTOR OF THE ESTATE OF KELLY ALLEN AND AS TRUSTEE UNDER THE TRUST OF KELLY LYNNE ALLEN, | No. 1:19-cv-08727 |
| Plaintiffs, | **OPINION** |
| v. | |
| BANNER LIFE INSURANCE COMPANY, et al., | |
| Defendants. | |

**APPEARANCES**:

WILLIAM J. O'KANE, JR.
Archer & Greiner, P.C.
One Centennial Square
33 East Euclid Ave.
Haddonfield, NJ 08033

    *On behalf of Plaintiffs*.

BARRY R. TEMKIN and
KATE E. DIGERONIMO
Mound Cotton Wollan & Greengrass LLP
One New York Plaza
44th Floor
New York, NY 10004

    *On behalf of Defendant SelectQuote Insurance Services.*

**O'HEARN, District Judge.**

Two appeals from decisions of Magistrate Judge Williams[1] on discovery issues filed by Defendant SelectQuote Insurance Services ("SelectQuote") come before the Court: (1) the Appeal of Magistrate Judge's Order entered June 30, 2020 (ECF No. 35), and (2) the Appeal of Magistrate Judge's Order entered September 17, 2021 (ECF No. 61). The Court did not hear oral argument pursuant to Local Civil Rule 78.1. For the reasons stated herein, both appeals are **DENIED**.

I.     **BACKGROUND AND PROCEDURAL HISTORY**

This case was removed from New Jersey Superior Court, Camden County, to this Court by Defendants Banner Life Insurance Company ("Banner Life") and SelectQuote (collectively, "Defendants") on March 19, 2019. (ECF No. 1). Plaintiffs, Robert Allen, individually, as the executor of the estate of Kelly Allen, and as trustee under the trust of Kelly Lynne Allen, allege claims of breach of contract, professional negligence, and breach of fiduciary duty against Defendants. (ECF No. 1-1). Plaintiffs allege that the decedent, Dr. Kelly Allen, applied for life insurance in the amount of $1.5 million and that, due to the professional negligence of Defendants, the insurance policy proceeds were not paid upon her untimely, premature death in August 2017. (ECF No. 1-1). Plaintiffs allege damages in the amount of the $1.5 million policy limit. (ECF No. 1-1). On September 24, 2019, the claims against Banner Life were dismissed without prejudice (ECF No. 19), leaving only those claims for professional negligence and breach of fiduciary duty against SelectQuote.

---

[1] Former Magistrate Judge Karen M. Williams, now a United States District Judge, is referred to as Magistrate Judge herein as that was her role at the time that the Orders were issued.

### A. The July 13, 2020 Appeal Seeking Production of Emails (ECF No. 35)

On April 21, 2020, SelectQuote filed a Request for Leave to File a Motion to Compel pursuant to Local Rule 37.1(a)(1) (the "Request")[2] (ECF No. 24) seeking the production of two emails between Dr. Kelly Allen and California attorney P.J. Lucca which Plaintiffs withheld from production based upon the attorney-client privilege. Magistrate Judge Williams' June 30, 2020 Order denying the Request (ECF No. 33) sufficiently summarizes the arguments presented in SelectQuote's Request (ECF No. 24), Plaintiffs' letter opposition brief (ECF No. 31), and SelectQuote's reply brief (ECF No. 32); therefore, these arguments will not be restated here.

On July 13, 2020, SelectQuote appealed the Magistrate Judge's decision (the "July 13, 2020 Appeal") (ECF No. 35), which Plaintiffs opposed (ECF No. 37). Shortly thereafter, the parties pursued mediation and the case was administratively terminated pending the outcome of mediation. (ECF No. 41). This appeal was later reactivated on November 30, 2021. (ECF No. 66).

### B. The October 1, 2021 Appeal Seeking Asset and Net Worth Information (ECF No. 61)

By letter dated December 11, 2020, SelectQuote requested leave to file a motion pursuant to Local Rule 37.1(a)(1) to compel the production of documents and information responsive to its Document Requests Nos. 56, 57, 61, and 64, concerning Dr. Kelly Allen's assets and net worth. (ECF No. 45). After leave was granted (ECF No. 47), SelectQuote filed a motion to compel (the "Motion to Compel") (ECF No. 48) arguing that Dr. Kelly Allen's assets and net worth were relevant to the parties' claims and defenses, and specifically arguing that Plaintiffs' counsel had waived any objection to Document Request No. 57 by providing a response stating, "See

---

[2] The appeal of the Request for Leave to File a Motion to Compel (ECF No. 24) is somewhat of a misnomer given that the Magistrate Judge denied the Request after Plaintiffs filed a letter brief in response (ECF No. 31), SelectQuote filed a reply (ECF No. 32), the emails at issue were reviewed *in camera* (ECF No. 33), and the merits of the dispute were decided.

documents produced by TD Bank in response to a subpoena." (ECF No. 48-11 at 9). In their response to the Motion to Compel, Plaintiffs argued that they had originally interpreted Document Request No. 57 as seeking confirmation that Dr. Kelly Allen had sufficient funds in her bank account to satisfy payment of the insurance premium when purchasing the life insurance policy, but later objected to the request as being irrelevant to the litigation for the same reasons that they objected to Document Requests Nos. 56, 61, and 64 as irrelevant. (ECF No. 51 at 15). Magistrate Judge Williams held oral argument, after which she issued an oral opinion denying the Motion to Compel (Hr'g Tr. 28:8–32:20, ECF No. 62-1) and declining to find a waiver as to Document Request No. 57 (Hr'g Tr. 31:16–19, ECF No. 62-1). She further found the information sought was "irrelevant and disproportional to the needs of the case." (*Id.*). Magistrate Judge Williams entered an Order denying the Motion to Compel (ECF No. 58), which SelectQuote appealed (the "October 1, 2021 Appeal") (ECF No. 61).

This Court has reviewed the parties' submissions, the decisions by the Magistrate Judge, including the transcript of the September 17, 2021 proceeding, and the two emails at issue *in camera*, and for the reasons set forth below, denies both appeals.

## II.  LEGAL STANDARD

"A United States Magistrate Judge may 'hear and determine any [non-dispositive] pretrial matter pending before the court.'" *Cardona v. General Motors Corp.*, 942 F. Supp. 968, 971 (D.N.J. 1996) (quoting 28 U.S.C. § 636(b)(1)(A)); *see also* Fed. R. Civ. P. 72(a). This Court exercises appellate review over the orders of magistrate judges pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure ("Federal Rule") 72(a), and Local Civil Rule 72.1(c). On appeal from such an order, the scope of this Court's review is narrow. Matters referred to a magistrate judge pursuant to 28 U.S.C. § 636(b) are subject to two standards of

review: (1) a clearly erroneous or contrary to law standard for non-dispositive matters, and (2) a *de novo* standard for dispositive matters. *NLRB v. Frazier*, 966 F.2d 812, 816 (3d Cir. 1992).

A ruling is clearly erroneous where, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "A ruling is 'contrary to law' when the magistrate judge has misinterpreted or misapplied the applicable law." *Romero v. Ahsan*, No. 13-7695, 2015 WL 5455838, at *3 (D.N.J. Sept. 16, 2015) (citing *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000)).

An order regarding a discovery issue is considered a non-dispositive matter and is reviewed for abuse of discretion. *Virginia St. Fidelco, L.L.C. v. Orbis Prod. Corp.*, No. 11-2057, 2018 WL 1399304, at *2 (D.N.J. 2018); *see also Anjelino v. New York Times Co.*, 200 F.3d 73, 88 (3d Cir. 1999) (noting the standard when reviewing a magistrate judge's decision denying discovery is for abuse of discretion); *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1213 (3d Cir. 1984) ("[Q]uestions concerning the scope of discovery are among those matters which should be almost exclusively committed to the sound discretion of the district court."). "An abuse of discretion is a clear error of judgment, and not simply a different result which can arguably be obtained when applying the law to the facts of the case." *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 240 (3d Cir. 2007) (quoting *SEC v. Infinity Group Co.*, 212 F.3d 180, 195 (3d Cir. 2000)).

As the party filing the appeals, SelectQuote bears the burden of demonstrating that the Magistrate Judge's decisions were clearly erroneous, an abuse of discretion, or contrary to law. *Supernus Pharms., Inc. v. Actavis, Inc.*, No. 13-4740, 2014 WL 654594, at *1 (D.N.J. Feb. 20, 2014) (citing *Montana v. Cty. of Cape May Bd. of Freeholders*, No. 09-0755, 2013 WL 5724486,

at *1 (D.N.J. Oct. 18, 2013)). "Unless that burden is met, the magistrate judge's findings should not be rejected even if the district court could have decided the matter differently." *Evans v. Emp. Ben. Plan*, No. 03-4915, 2007 WL 77325, at *1 (D.N.J. Jan. 8, 2007) (citing *Andrews v. Goodyear Tire & Rubber Co.*, 191 F.R.D. 59, 68 (D.N.J. 2000) ("A district judge's 'simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review.'")); *Toth v. Alice Pearl, Inc.*, 158 F.R.D. 47, 50 (D.N.J. 1994).

### III.  ANALYSIS

#### A.  SelectQuote's July 13, 2020 Appeal

SelectQuote seeks to compel production of two emails Bates stamped as ALL00757 and ALL00758 between the Plaintiffs' decedent and attorney P.J. Lucca that were withheld based upon the attorney-client privilege. This Court ordered Plaintiffs to produce the emails for *in camera* review related to this appeal. (ECF No. 67). Plaintiffs' counsel provided the emails to the Court on December 6, 2021.

Upon *in camera* review, the Court finds Plaintiffs have met their burden of demonstrating that the privilege applies and that the emails are protected by the attorney-client privilege. [3] *Wachtel v. Guardian Life Ins. Co.*, No. 01-4183, 2006 WL 1286188, at *1 n.1 (D.N.J. May 8, 2006) ("The burden of demonstrating the existence of the privilege is on the party asserting it."). The emails are between Plaintiffs' decedent and her attorney concerning legal advice, and as such, they are protected communications. *Paff v. Div. of Law*, 988 A.2d 1239, 1244 (N.J. Super. Ct. App. Div. 2010) (discussing that the attorney-client privilege protects confidential communications

---

[3] "When a case is based on federal diversity jurisdiction, courts are to decide issues of attorney-client privilege based on state law." *In re Hum. Tissue Prod. Liab. Litig.*, 255 F.R.D. 151, 156 (D.N.J. 2008), *appeal denied, judgment aff'd*, No. 06-135, 2009 WL 1097671 (D.N.J. Apr. 23, 2009).

6

made between an attorney and client for the purpose of obtaining or providing legal assistance to the client); *see also Hedden v. Kean Univ.*, 82 A.3d 238, 245 (N.J. Super. Ct. App. Div. 2013) ("[T]here is a presumption that a communication made in the lawyer-client relationship has been made in professional confidence. . . . If the purpose was to solicit legal advice, then the privilege applies.").

Although the emails are protected by the attorney-client privilege, the Court may still compel their disclosure if SelectQuote could meet the heavy burden to establish that the privilege has been waived or overcome by the crime-fraud exception; it has not met that burden here. *Kinsella v. Kinsella*, 696 A.2d 556, 568 (N.J. 1997) (discussing that the parting seeking to pierce the privilege bears the burden of establishing waiver). As to waiver, the privilege holder may waive privilege by placing a protected communication in issue during litigation. *Id.* at 569. A communication is "in issue" when it "'goes to the heart of the claim in controversy.'" *In re Grand Jury Subpoena Issued to Galasso*, 913 A.2d 78, 87 (N.J. Super. Ct. App. Div. 2006) (quoting *Kinsella*, 696 A.2d at 568–69); *accord United Jersey Bank v. Wolosoff*, 483 A.2d 821, 828 (N.J. Super. Ct. App. Div. 1984). The party seeking to pierce the privilege based on "in issue" waiver must show (1) a legitimate need for the evidence, (2) that the evidence is relevant and material to the issue before the court, and (3) that the information cannot be obtained from a less intrusive source. *Kinsella*, 696 A.2d at 568; *see State v. Mauti*, 33 A.3d 1216, 1227 (N.J. 2012) ("[O]nly in the most narrow of circumstances, such as where a privilege is in conflict with a defendant's right to a constitutionally guaranteed fair trial, would the need prong of its test be satisfied."). If a privilege holder has waived attorney-client privilege, the privilege is waived with respect to information pertaining only to the same subject matter. *In re Grand Jury Subpoena*, 913 A.2d at 87–88.

As to the crime-fraud exception, "the party seeking to overcome the privilege and obtain access to the communication must make a *prima facie* showing of fraud or crime" committed "in the course of legal service sought," which is a showing "that a prudent person [has] a reasonable basis to suspect perpetration or attempted perpetration of a fraud or crime." *Ocean Spray Cranberries, Inc. v. Holt Cargo Sys., Inc.*, 785 A.2d 955, 959 (N.J. Super. Ct. Law Div. 2000) (citations omitted).

Without divulging the substance of the emails, after an *in camera* review, the Court does not find that the decision of the Magistrate Judge rejecting claims of waiver and/or the crime-fraud exception to be clearly erroneous, an abuse of discretion, or contrary to law. The Court in fact agrees that the emails are not relevant to the claims asserted by the Plaintiffs in this case. Plaintiffs have not placed the substance of the emails at issue in this case, and there is absolutely no *prima facie* showing to suspect perpetration or attempted perpetration of a fraud or crime to trigger application of the crime-fraud exception. Accordingly, the Court denies SelectQuote's July 13, 2020 Appeal of Magistrate Judge Williams' decision.

### B.  SelectQuote's October 1, 2021 Appeal

As to the September 17, 2021 Order denying SelectQuote's Motion to Compel Discovery (ECF No. 58), the Court finds the Magistrate Judge's decision was not an abuse of discretion, clearly erroneous, or contrary to law. The Court will address first the issue of waiver with respect to Document Request No. 57 before turning to its review of the Magistrate Judge's decision regarding Document Requests Nos. 56, 57, 61, and 64 more broadly.

#### 1.  Waiver as to Document Request No. 57

Document Request No. 57 seeks "Bank Account statements for all accounts owned or maintained by the Plaintiffs or Kelly Allen, including but not limited to the T.D. Bank Account

8

number ending in 5800, for the period of January 1, 2017 through August 31, 2017." (Mot. To Compel, ECF No. 48-11 at 8). Plaintiffs initially provided a response by referring to documents previously produced by a non-party. (Mot. to Compel, ECF No. 48-11 at 9). The Magistrate Judge found that Plaintiffs' initial response referring to documents produced by TD Bank was an implied objection to producing the remaining bank account statements. *See* (Hr'g Tr. 28:17-21). This Court disagrees as such a finding contradicts the requirements of Federal Rule 34(b)(2) that a response "state with specificity the grounds for objecting to the request, including the reasons" and that "[a]n objection to part of a request must specify the part and permit inspection of the rest." Nevertheless, Plaintiffs did thereafter object when SelectQuote sought additional records beyond those documents produced by TD Bank, and the Court's disagreement in this regard does determine the outcome of this appeal. (Pls.' Resp., ECF No. 51 at 15).

While it certainly would have been more prudent for Plaintiffs' counsel to have stated their relevancy or other objections in their initial response, the Court does not find the Magistrate Judge's ultimate decision in denying the Motion to Compel to be clearly erroneous or contrary to law because the decision to find a waiver of objections under Federal Rule 34 and to compel production of documents are both within the sound discretion of the Court. *See McCowan v. City of Philadelphia*, No. 19-03326, 2021 WL 1193241, at *3 (E.D. Pa. Mar. 30, 2021); *Boselli v. Se. Pennsylvania Transp. Auth.*, 108 F.R.D. 723, 726 (E.D. Pa. 1985); *see also Hall v. Sullivan*, 231 F.R.D. 468, 473–74 (D. Md. 2005) ("[A] court has broad discretion to decide on a case by case basis whether waiver is appropriate."); *Williams v. Krieger*, 61 F.R.D. 142, 145 (S.D.N.Y. 1973) ("Wright and Miller suggest that the failure to make any objections within the proper time results in a waiver of the objection. As always, however, the matter is one within the sound discretion of

the Court." (citations omitted)). Here, the Court does not find the Magistrate Judge's decision to deny the Motion to Compel to be an abuse of discretion.

Two approaches have emerged in analyzing questions of waiver under Federal Rule 34. While some courts in this Circuit have held that a failure to timely object to document requests under the rule is an automatic waiver of all objections, *see Nat'l Grange Mut. Ins. Co. v. Sharp Equip. Co. of Reading*, No. 01-0628, 2002 WL 442823, at *3 (E.D. Pa. Mar. 1, 2002), *aff'd sub nom. Nat'l Grange Mut. Ins. Co. v. Sharp Equip. Co. of Reading, PA*, 55 F. App'x 85 (3d Cir. 2003) (affirming on other grounds); *Daumer v. Allstate Ins. Co.*, No. 91-7570, 1992 WL 277650, at *1 (E.D. Pa. Oct. 1, 1992); *Usery v. Chef Italia*, 540 F. Supp. 587, 592 n.13 (E.D. Pa. 1982), other courts have looked for more egregious conduct committed by the untimely party when deciding whether to find a waiver. *PEG Bandwidth PA, LLC v. Salsgiver, Inc.*, No. 16-178, 2017 WL 2992219, at *3 (W.D. Pa. July 13, 2017) (discussing a party's complete lack of response to document requests combined with the party's violation of the court's order to produce documents without any explanation as to its tardiness justified a finding of waiver); *Scaturro v. Warren & Sweat Mfg. Co., Inc.*, 160 F.R.D. 44, 46 (M.D. Pa. 1995) (refusing to find that a party had waived objections to a Federal Rule 34 request where the objection was "simply" untimely and stating "Rule 34 does not by its terms provide that objections will be deemed waived; rather, a waiver appears to be more in the nature of a sanction for more egregious conduct").

Courts in the latter group rely on the distinction between Federal Rule 33's automatic-waiver provision governing interrogatories and Federal Rule 34's lack thereof with respect to document requests. *Compare* Federal Rule 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."), *with* Federal Rule 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that

objection. An objection to part of a request must specify the part and permit inspection of the rest."). "Notably absent from Rule 34 is an automatic-waiver provision as found in Rule 33." *PEG Bandwidth PA, LLC*, 2017 WL 2992219, at *3. The *PEG Bandwidth* court concluded that the omission of an automatic-waiver provision in Federal Rule 34 "is no accident" and stated: "It seems draconian to require a party with a valid but untimely objection [to a document request] to . . . produce documents that the other party would otherwise not be entitled to." *Id.*; *see also In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, No. 15-7658, 2021 WL 4810850, at *1 (D.N.J. Oct. 15, 2021) (citing the *PEG Bandwidth* court's analysis of Federal Rule 34 when interpreting other Federal Rules). Other district courts have also noted the distinction between the two Federal Rules. *See McCowan*, 2021 WL 1193241, at *3 (citing *PEG Bandwidth* when discussing that an "implicit" rule reading an automatic waiver provision into Federal Rule 34 "does not necessarily follow[]"); *Barkes v. First Corr. Med.*, No. 06-104, 2010 WL 1962797, at *3 (D. Del. May 17, 2010) (stating "[a] finding of waiver is not mandatory" under Federal Rule 34).[4]

In contrast to this approach, despite the absence of such a provision in its text, other courts have read the automatic-waiver provision from Federal Rule 33 into Federal Rule 34. *Ronaldson v. Nat'l Ass'n of Home Builders*, No. 19-01034, 2020 WL 3259226, at *4 (D.D.C. June 3, 2020); *Jalowsky v. Provident Life & Accident Ins. Co.*, No. 18-279, 2020 WL 2527012, at *2–3 (D. Ariz. 2020); *Barlow v. Herman*, No. 13-00033, 2014 WL 60213, at *3 (D. Nev. Jan. 6, 2014); *Fifty-Six Hope Rd. Music, Ltd. v. Mayah Collections, Inc.*, No. 5-01059, 2007 WL 1726558, at *3 (D. Nev.

---

[4] The 2015 Amendment to Federal Rule 34 adopted the language in Federal Rule 33 requiring that objections be stated with "specificity." Fed. R. Civ. P. 34(b)(2)(B) advisory committee's note to 2015 amendment. The advisory committee explains that the drafters wanted to "eliminat[e] any doubt that less specific objections might be suitable under Rule 34." *Id.* Notably, the drafters did not revise Federal Rule 34 to align with Federal Rule 33's language that "[a]ny ground not stated in a timely objection is waived." Fed. R. Civ. P. 33.

June 11, 2007); *Hall v. Sullivan*, 231 F.R.D. 468, 474 (D. Md. 2005). While the Third Circuit has not addressed this issue, the Sixth Circuit has, noting that the district court had "appropriately applied" the same standard from Federal Rule 33 to Federal Rule 34 that "'any ground not stated in a timely objection [to a request] is waived unless the court, for good cause, excuses the failure.'" *Boles v. Aramark Corr. Servs., LLC*, No. 17-1919, 2018 WL 3854143, at *5 (6th Cir. Mar. 19, 2018) (emphasis omitted).[5]

Those courts that follow the Sixth Circuit's approach will excuse a party's failure to provide timely responses where good cause exists. *Barlow v. Herman*, 2014 WL 60213, at *3 (D. Nev. Jan. 6, 2014). An analysis of good cause "centers on the diligence of the party seeking relief and is determined on a case-by-case basis." *Id.* Relevant factors that a court considers when assessing whether good cause exists are:

> (1) the length of the delay . . . (2) the reason for the delay . . . (3) whether there was any dilatory or bad faith action on the part of the party that failed to raise the objection properly; (4) whether the party seeking discovery has been prejudiced by the failure; (5) whether the document production request was properly framed and not excessively burdensome; and (6) whether waiver would impose an excessively harsh result on the defaulting party.

*Hall v. Sullivan*, 231 F.R.D. at 474.

---

[5] Other Circuits have addressed waiver under Federal Rule 34 in the context of objections based on attorney-client or work product privileges with varying conclusions. *See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1147–49 (9th Cir. 2005) (rejecting a per se waiver rule deeming privilege waived under Federal Rule 34 where a privilege log required by Federal Rule 26 is not produced within Federal Rule 34's thirty-day time limit but affirming the district court's holding that a party had waived privilege where privilege logs were provided five months late); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74 (7th Cir. 1992) (discussing in dictum that a party "probably" waived an objection by "failing to object when disclosure was due" but deciding to avoid "the issue of waiver" where the district court had not addressed it); *Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir. 1991) (holding that district court did not err in finding waiver where party failed to make any objection during the thirty days prescribed by the rule, ignored the district court's order compelling discovery, and belatedly asserted objection as a "stalling tactic"); *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540 (10th Cir. 1984) (refusing to issue writ of mandamus to district court where untimeliness of privilege-holder's objection destroyed the attorney-client privilege).

Considering the two approaches, this Court finds the *PEG Bandwidth* court's interpretation that an automatic-waiver provision should not be read into Federal Rule 34 persuasive, particularly under the circumstances of this case, and concludes that Plaintiffs displayed no egregious behavior to justify a waiver of their objection to Document Request No. 57. *PEG Bandwidth PA, LLC v. Salsgiver, Inc.*, No. 16-178, 2017 WL 2992219, at *3. Undoubtedly, their response could have been more specific as to their objections or any ambiguity as to the scope of Document Request No. 57. However, Plaintiffs did provide responses and as detailed below, SelectQuote waited over a year thereafter to pursue further information from Plaintiffs.

Even if this Court were to find that Federal Rule 34 had an implicit automatic-waiver provision, the Court still finds good cause exists to excuse Plaintiffs' untimeliness considering the factors outlined above. Plaintiffs provided the reason for their delay in asserting their relevancy objection to Document Request No. 57 explaining they had misinterpreted the scope of the bank statements sought by SelectQuote. (ECF No. 51 at 15). Although a straightforward reading of the document request would have avoided any delay, SelectQuote did not send their first letter contesting Plaintiffs' response until July 28, 2020, over a year after Plaintiffs provided their responses. (ECF No. 45-1). Plaintiffs' untimely objection may have been caused by their misinterpretation of the scope of the request, but SelectQuote's delay thereafter in requesting the additional information should also be considered. Additionally, the Court does not consider Plaintiffs' counsel's incorrect reading of Document Request No. 57 as bad faith. Further, because the information sought relates to Dr. Kelly Allen's assets and net worth, information that the Magistrate Judge found was not relevant to the claims and defenses as discussed further below, the Court does not find Plaintiffs' delay in asserting their objection as having prejudiced SelectQuote.

13

Finally, and more fundamentally, even if this Court found a waiver of any objections and/or found no good cause justifying Plaintiffs' delay in objecting, the ultimate decision as to whether to compel production of documents nevertheless remains within the sound discretion of the Court. *Firneno v. Nationwide Mktg. Servs., Inc.*, No. 14-10104, 2015 WL 13805453, at *3 (E.D. Mich. Dec. 10, 2015), *report and recommendation adopted*, No. 14-10104, 2016 WL 11582360 (E.D. Mich. Mar. 24, 2016) ("It is well established that courts have discretion to decline to compel production where the request in question exceeds the bounds of fair discovery."); *R. B. v. Ford Motor Co.*, No. 5-481, 2006 WL 8444737, at *2 n.2 (N.D. Fla. Aug. 9, 2006) ("Even though objections have been waived, a court may examine the discovery requested and refuse to compel if the discovery has 'absolutely no relevance,' 'far exceeds the bounds of fair discovery,' or is 'patently improper.'"); *Boselli v. Se. Pennsylvania Transp. Auth.*, 108 F.R.D. 723, 726 (E.D. Pa. 1985) ("[I] it is within the Court's discretion not to compel discovery which is patently improper." (citations omitted)); *Shenker v. Sportelli*, 83 F.R.D. 365, 367 (E.D. Pa. 1979) ("In instances in which some of the discovery appears to have absolutely no relevance to the subject matter of the suit or is otherwise patently improper, we believe that it is within the discretion of the court not to compel discovery as to those matters."). Courts may exercise their discretion and decline to compel production where the documents sought are irrelevant to the claims at issue. *Shenker*, 83 F.R.D. at 367. Thus, the Magistrate Judge was within her discretion to deny production of the documents sought by Document Request No. 57 as she found the bank statements were irrelevant to the claims and defenses at issue and disproportional to the needs of the case. As discussed further below in the context of the other requests, the Court finds no abuse of discretion in that regard.

### 2. Document Requests Nos. 56, 57, 61, and 64

SelectQuote has failed to meet its burden to show that the Magistrate Judge's denial of its Motion to Compel was clearly erroneous or contrary to law. The Magistrate Judge carefully articulated and weighed the arguments related to the relevancy of the information sought by Document Requests Nos. 56, 57, 61, and 64 and whether such discovery was proportional to the needs of the case. (Hr'g Tr. 28:22–32:15, ECF No. 62-1). Federal Rule 26(b)(1) governs the scope of discovery, providing that "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Here, SelectQuote seeks discovery of the assets of the decedent's estate including all bank accounts and tax returns for a three-year period as well as information related to other insurance policies. (Mot. to Compel, ECF No. 48-11 at 9). Considering the deference given to magistrate judges on discovery issues, the Court sees no basis to reverse Magistrate Judge Williams' decision that these materials were irrelevant and that their discovery would be disproportional to the needs of this case. The Plaintiffs in this case allege that Dr. Kelly Allen's estate lost the value of a $1.5 million dollar policy. (ECF No. 1-1 at 8). The reason she wanted to purchase the policy is simply irrelevant to whether SelectQuote breached its duty or was negligent in its handling of the policy. Moreover, the Court agrees with the Magistrate Judge's reasoning that the damages in this case would necessarily be the loss of the $1.5 million insurance policy proceeds regardless of any tax implications argued by SelectQuote. The minimal relevancy in that regard, if any, is also outweighed when considering the proportionality of such discovery to the needs of the case under Federal Rule 26(b)(1), coupled with the Third Circuit's heightened standards for production of tax returns. *DeMasi v. Weiss*, 669 F.2d 114, 119 (3d Cir. 1982).

## IV. CONCLUSION

For the reasons set forth herein, the Court **DENIES** SelectQuote's July 13, 2020 Appeal of Magistrate Judge's Order entered June 30, 2020 (ECF No. 35) and **DENIES** SelectQuote's October 1, 2021 Appeal of Magistrate Judge's Order entered September 17, 2021 (ECF No. 61). An appropriate Order accompanies this Opinion.

                                                */s/ Christine P. O'Hearn*
                                                **Christine P. O'Hearn**
                                                **United States District Judge**